UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

JONATHAN RUSHING,

          Defendant.

CR18-16 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Defendant's motion, docket no. 275, for review and disclosure of law enforcement officer files and records is DENIED. Defendant's motion to review and disclose the files of all law enforcement officers "involved in the investigation," not simply witnesses who will testify at trial, is overbroad. *See United States v. Brown*, 728 Fed. App'x 614, 618 (9th Cir. 2018). The government is otherwise aware of its obligations under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and must comply. No further order compelling compliance is necessary or warranted.

    (2)    Defendant's motion in limine, docket no. 279, is GRANTED in part and DEFERRED in part as follows:

        a.    the motion to exclude witnesses from the courtroom until they have testified is GRANTED; provided, however, that the Government may have its case agent attend the trial;

        b.    the motion to preclude questions concerning "the course of investigation" is DEFERRED to trial; and

        c.    the motion is otherwise unopposed and is GRANTED.

MINUTE ORDER - 1

1       (3)     Defendant's motion to sever Count Four (felon in possession of a firearm), docket no. 267, is DENIED.  Defendant cannot show prejudice arising from the joinder of Counts Three, Four, and Five.  *See United States v. Barragan*, 871 F.3d 689, 701 (9th Cir. 2017), *cert. denied*, 138 S.Ct. 1572 (2018).  Joinder is not prejudicial where the same evidence would still be admissible even after severance.  *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016).  Defendant's 2012 firearm conviction is admissible under Rule 404(b) to prove Count Four (felon in possession of a firearm) and Count Five (carrying a firearm during and in relation to a drug trafficking offense).  A court may admit extrinsic evidence under Rule 404(b) if the evidence "(1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged."  *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010).  When the evidence is offered to prove knowledge, the prior act need not be similar as long as the prior act was one which would tend to make the existence of knowledge more probable than it would be without the evidence.  *Id.*  The 2012 conviction satisfies the requirements of Rule 404(b).  It is evidence of defendant's intent, knowledge, and absence of mistake with regard to the firearm that is the subject of Counts Four and Five.  *See United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).  Moreover, the felon-in-possession charge is "inextricably intertwined" with the other alleged offenses, *see United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012), because it tends to show that the firearm at issue "facilitated or had a role" in the drug offense charged in Count Three, such as emboldening defendant by giving him an opportunity to protect himself or intimidate others, which the Government must prove to convict defendant on Count Five.  *See United States v. Guy*, 903 F.2d 1240, 1243 (9th Cir. 1990).  The 2012 conviction is not remote in time, *see United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir. 2006), and the probative value of the evidence of the 2012 conviction is not substantially outweighed by the danger of unfair prejudice.  With respect to Counts Three and Five, the 2012 firearm conviction is admissible under Rule 404(b) and will not be excluded under Rule 403.  Thus, severance of Count Four is unwarranted.

        (4)     Defendant's motion to exclude evidence of his 2012 firearm conviction, docket no. 272, is DENIED for the reasons stated in Paragraph 3 of this Minute Order.

        (5)     Defendant's *Old Chief* motion to exclude the name and nature of his 2012 firearm conviction, docket no. 277, is also DENIED.

        (6)     Defendant's motion to dismiss for outrageous Government misconduct, docket no. 281, is DENIED.  Dismissal is appropriate "when the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice."  *United States v. Ramirez*, 710 F.2d 535, 539 (9th Cir. 1983).  Dismissal might also be appropriate if the conduct is "flagrant" and causes "substantial prejudice" to a defendant.  *United States v. Fernandez*, 388 F.3d 1199, 1239 (9th Cir. 2004).  Defendant's allegations of misconduct do not satisfy these high standards.  Defendant has not

established any Brady violation.  The Government timely disclosed the facts relating to co-defendant Michael Turner's statements.  Defendant's claim of "false testimony" before the Grand Jury also lacks merit.  The Government has produced evidence supporting the charge that defendant possessed crack cocaine with the intent to distribute, and that he was a "re-distributor" as indicated in testimony to the Grand Jury.  Finally, defendant has failed to provide any factual basis for the claim that government agents have tampered with the evidence.  Nothing presented in defendant's motion requires the Court to hold a pre-trial evidentiary hearing on the issues raised.

     (7)    Defendant's motion to exclude the expert testimony of Seattle Police Detective Brandon James, docket no. 278, is DENIED in part and DEFERRED in part.  Detective James's experience and specialized knowledge about illegal use and trafficking of narcotics and the relationship between the sale of drugs and the carrying of firearms qualifies him as an expert, and his testimony will be permitted.  The exact scope of Detective James's testimony is, however, DEFERRED to trial.  Detective James's testimony will be limited to the disclosures provided by the Government to defense counsel, *see* Exs. A & C to Def.'s Mot. (docket nos. 278-1 & 278-3).  In addition, Detective James may not provide expert testimony with respect to defendant Jonathan Rushing that involves money laundering or any conspiracy.

     (8)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of September, 2019.

> William M. McCool
> Clerk
>
> s/Karen Dews
> Deputy Clerk

MINUTE ORDER - 3